# Exhibit A

5/8/2020 3:55 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 42856500
By: Courtni Gilbert
Filed: 5/8/2020 3:55 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **BASIC SOLUTIONS LTD** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **RIO GRANDE FOOD PRODUCTS,** | § | |
| **INC. D/B/A RIO GRANDE FOOD** | § | |
| **CORP.** | § | |
| *Defendant* | § | _____ **JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURES, REQUEST FOR PRODUCTION, INTERROGATORIES & ADMISSIONS

Plaintiff Basic Solutions LTD files its Original Petition against Defendant Rio Grande Food Products Foods Inc. D/B/A Rio Grande Food Corp. and its Request for Disclosures, Requests for Production, Interrogatories and Admissions to Defendant Rio Grande Food Products Foods Inc. D/B/A Rio Grande Food Corp. and would serve, show and plead the following:

## I.
### NATURE OF THE LITIGATION

On November 5, 2018, Defendant Rio Grande Food Products Foods Inc. D/B/A Rio Grande Food Corp. contracted Plaintiff Basic Solutions LTD to serve as the exclusive sales and service representative for the Sales Regions for a period of two years. During the existence of the agreement, Defendant failed to pay all commissions and perpetuated fraud by concealing commissions owed to Plaintiff.

## II.
### DISCOVERY CONTROL PLAN & RULES COMPLIANCE

Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, Level 2 shall control the discovery of this case until the Court issues a discovery control plan under rule 190.4. Plaintiff contends that the jury is the sole decision maker on the amount of damages suffered by Plaintiff, but as required by Texas Rules of Civil Procedure 47, Plaintiff seeks monetary relief of greater

$200,000 but less than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney's fees.

### III.
### PARTIES

Plaintiff Basic Solutions LTD ("Basic Solutions") is a Texas corporation with its principal office in Harris County, Texas.

Defendant Rio Grande Food Products Inc. D/B/A Rio Grande Foods Corp ("Rio Grande") is a Maryland Corporation doing business in Harris County, Texas, that may be served with process through its President and Registered Agent for Service of Process, Jonathan Alvarado, at 3009 Pasadena Freeway, Suite 160, Pasadena, TX 77503. Citation is requested so a private process server may effectuate service on Defendant Rio Grande.

### IV.
### VENUE & JURISDICTION

Venue is proper in Harris County, Texas pursuant to CPRC §15.002(a)(1) because it's the county in which all or a substantial part of the omission of the events or omission giving rise to the claim occurred.

Venue is proper in Harris County, Texas pursuant to CPRC §15.002(3) because it's the county in which Defendant Rio Grande has its principal office in this state.

Venue is proper in Harris County, Texas pursuant to CPRC §15.035 because it's the county in which Defendant Rio Grande agreed to pay Plaintiff.

Venue is proper in Harris County, Texas pursuant to CPRC §15.092 because it's the county in which Defendant Rio Grande agreed to as the exclusive jurisdiction for a breach of the Broker and Merchandising Services Agreement.

Certified Document Number: 90502925 - Page 2 of 16

Venue is proper in Harris County, Texas pursuant to CPRC §15.093 because it's the county in which all or a substantial part of damage inflicted on Plaintiff occurred.

Jurisdiction is proper in this Court because the amount in controversy is in excess of the minimum jurisdictional limits of this Court.

Plaintiff further objects to removal to federal court as both parties equally have the ability to bring suit in either Harris County state courts or the United States District Court for the Southern District of Texas, Houston Division. The mutual forum-selection clause within the Agreement gives Plaintiff the "first-mover advantage . . . [and] the other party cannot challenge that choice." *Whitaker v. Vista Staffing Sols., Inc.*, No. H-17-0876, 2017 U.S. Dist. LEXIS 107374, at *8 (S.D. Tex. 2017).

## V.
## FACTS

**A. The Agreement**

Rio Grande Products, Inc. is a Maryland corporation that was started on June 29, 1990, with its principal office in Pasadena, Texas. On April 12, 2011, Rio Grande Products, Inc. changed its name to Rio Grande Food Products Inc. ("Rio Grande"). Rio Grande is a vertically integrated manufacturing and distribution company that specializes in the manufacture of Latin grocery products.

On November 5, 2018, Rio Grande entered into a Broker and Merchandising Services Agreement (the "Agreement") with Basic Solutions. Pursuant to the confidential marker on the agreement, the Agreement is confidential, and its disclosures are no greater than necessary. As such, Basic will not attach the Agreement and will generally reference its provisions as necessary.

The Agreement was for a term of two years.   For these two years, Basic was designated

Certified Document Number: 90502925 - Page 3 of 16

as the sole and exclusive sales and service representative for Rio Grande in the Sales Regions agreed upon by the parties. With such designation, Basic was to negotiate all sales and servicing of the agreed products provided by Rio Grande in the designated Sales Regions. Rio Grande and Basic agreed that the products covered by the Agreement encompassed all of Rio Grande's products. The Sales Regions are the states of Texas, Kansas, Illinois, Oklahoma, and Arkansas. Pursuant to the Agreement, Rio Grande could either: (1) not make any sales of any of its products, either through themselves or a third-party, within the designated Sales Regions other than those negotiated by Basic; or (2) pay Basic commission on any sales made not through Basic at the rate designated by the Agreement. During the term of the Agreement, Rio Grande contracted to cooperate with Basic to fulfill purchase orders brought by Basic and to do other things such as facilitate sales of the products in the Sales Regions.

Rio Grande agreed to pay Basic commissions on the sale of Rio Grande's products. For brokerage services provided in the Sales Regions, Rio Grande agreed to pay five percent (5%) of the gross sales price less discounts on the sums actually collected for any sales of any products sold by Rio Grande to both existing and new customers. For merchandising services, Rio Grande agreed to pay five percent (5%) of the gross sales price less discounts only on the sums actually collected for any sales of any products sold by Rio Grande to new customers outside of Texas.

Rio Grande was required to provide Basic a monthly statement of sales the Sales Region on the 1st day of the subsequent month. Within ten (10) days of the monthly statements, Rio Grande was to pay Basic the owed commissions. On September 10, 2019, the parties amended the Agreement so that Rio Grande agreed to pay Basic commission on all of Rio Grande's existing customers in Texas with a start date of May 1, 2019.

Certified Document Number: 90502925 - Page 4 of 16

### B. Contemplation of Termination

On January 7, 2020, a year and a month after the Agreement began, the parties contemplated terminating the Agreement. The parties signed a Contract Termination Agreement (the "Termination Agreement"). As part of the Termination Agreement, Rio Grande agreed to pay Basic $50,000 on the date of signing and $20,000 after 90 days of signing. In exchange for the two payments, Basic was to operate as a broker for 90 days and then cease its obligations under the Agreement. Basic agreed to not charge any commissions for sales made *after* January 7 and waive any *subsequent* claims arising from the Agreement. But Basic still maintained claims for commissions through January 6, 2020.

Rio Grande paid $50,000 on January 7, 2020 as required by the Termination Agreement. On April 1, 2020, eighty-five days after January 7, 2020, Basic received a payment from Rio Grande of $20,000 with no instructions. Basic applied the payment to outstanding commissions. Basic informed Rio Grande of applying that credit to prior commissions. After notice, Rio Grande did protest the application.

Because the second payment pursuant to the Termination Agreement was never paid, the Termination Agreement was not perfected. Without being perfected, the Termination Agreement is void.

To date, Basic has cured, if necessary, any breach by Basic of the Agreement. Basic has continued to operate under the Agreement, fulfilling all of its obligations and duties in good faith.

### C. The Breach

Throughout the existence of the Agreement, Rio Grande and Basic routinely corresponded regarding the statements, commissions, and invoicing of said commissions. Rio Grande routinely delivered monthly statements for commissions, which only identified sales in earned in Houston,

Certified Document Number: 90502925 - Page 5 of 16

Texas.  But Rio Grande never turned over statements of any other sales in Texas and the remaining Sales Regions of Kansas, Illinois, Oklahoma, and Arkansas. To date, Basic has been unable to accurately invoice the commissions contracted for and are due said commissions. Additionally, Rio Grande has at times refused to execute purchase orders brought by Basic to Rio Grande for third-party purchases, causing loss of commissions to Basic.

Independently of the missing monthly statements to Basic, Rio Grande is hiding sales made in Texas and Houston, and continue to hide sales made to customers to avoid paying the commission owed to Basic.

As a result of Rio Grande's breaches and fraud, Basic has been purloined commissions which are due and has suffered damages.

## VI.
### CAUSES OF ACTION

The preceding paragraphs are incorporated herein by reference to the proceeding causes of action.

**A. Breach of Contract**

The elements of a claim for breach of contract are: (1) there is a valid, enforceable contract; (2) the plaintiff is a proper party to bring suit for breach of contract; (3) the plaintiff performed, tendered performance of, or was excused from performing its contractual obligations; (4) the defendant breached the contract; and (5) the defendant's breach caused the plaintiff injury.

There was a valid agreement between Basic and Rio Grande. Basic performed its obligations under the Agreement by providing broker and merchandising services to Rio Grande. Rio Grande breached the Agreement when they failed to: provide accurate monthly statements for the Sales Regions, fulfill purchase orders brought by Basic to Rio Grande, and pay commissions

Certified Document Number: 90502925 - Page 6 of 16

on sales made in all the Sales Regions. As a result of Rio Grande's breaches, Basic suffered damages, including, but not limited to, lost commissions.

**B. Fraud**

The elements of a claim for fraud are: (1) defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation, the defendant (i) knew the representation was false, or (ii) made the representation recklessly, as a positive assertion, and without knowledge of its truth; (5) defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury.

Defendant Rio Grande made materially false representation to Basic in regard to the sales made within the Sales Regions of Texas. When Rio Grande made these materially false representations through their statements delivered to Basic, Rio Grande knew the representations made were false, with the intention that Basic only be due and be able to claim commissions on the sales falsely reported on the statements. As such, Basic only requested the commissions based on false statements, depriving Basic of commissions owed on sales made that were not represented on the statements.

**C. Fraud by Non-Disclosure**

The elements of a claim for fraud are: (1) the defendant concealed from or failed to disclose certain facts to the plaintiff; (2) the defendant had a duty to disclose the facts to the plaintiff; (3) the facts were material; (4) the defendant knew (i) the plaintiff was ignorant of the facts, and (ii) the plaintiff did not have equal opportunity to discover the facts; (5) the defendant was deliberately silent when it had a duty to speak; (6) by failing to disclose the facts, the defendant intended to induce the plaintiff to take some action or refrain from acting; (7) the plaintiff relied on defendant's

Certified Document Number: 90502925 - Page 7 of 16

nondisclosure; and (8) the plaintiff was injured as a result of acting without the knowledge of the undisclosed facts.

Defendant Rio Grande concealed the sales made in the Sales Regions besides Texas. Rio Grande had a contractual duty to disclose the sales made in those Sales Regions to Basic. Those facts were material and Rio Grande knew that Basic did not know those sales and did not have equal opportunity to discover those sales. Rio Grande has been deliberately silent by failing to produce invoices from those sales. By failing to disclose those sales to Basic, Rio Grande intended that Basic be unable to claim the commissions they are owed. Basic has relied on Rio Grande's nondisclosure by being unable to claim said commissions. As a result of Rio Grande's non-disclosure, Basic has been injured and unable to collect the commissions they are owed.

**VII.**
**DAMAGES & REMEDIES**

The preceding paragraphs are incorporated herein by reference to the proceeding damages and remedies.  As a result of Defendant Rio Grande's breaches of contract and fraud Plaintiff has suffered the following damages:

**A.  Breach of Contract**

Plaintiff is owed and due the commissions it would have received from the sales of Defendant Rio Grande's products by parties other than Basic in the Sales Regions. Plaintiff is further owed the lost commissions from orders that Defendant refused to fulfill.

**B.  Fraud Damages**

Plaintiff is entitled to all damages caused by Defendant Rio Grande's fraud, including but not limited to, lost commissions from sales not reported on statements pursuant to the Agreement.

Certified Document Number: 90502925 - Page 8 of 16

**C. Fraud by Non-Disclosure Damages**

Plaintiff is entitled to all damages caused by Defendant Rio Grande's fraud by non-disclosure, including but not limited to, lost commissions from sales not reported to Basic for any of the Sales Regions besides Texas, pursuant to the agreement.

**D. Attorney's Fee's**

As a result of Defendant Rio Grande's breach of the Agreement, Plaintiffs were forced to retain the services of counsel. Plaintiff seeks all reasonable and necessary attorney's fees pursuant to the Agreement.

**E. Exemplary Damages**

Plaintiff's injury resulted from Defendant Rio Grande's actual fraud which entitles Plaintiffs to exemplary damages under Texas Civil Practice & Remedies Code § 41.003(a).

**F. Damages Are In Jurisdiction of Court.**

Plaintiff's damages exceed the minimum jurisdictional limits of the Court.

**VIII.**
**RIGHT TO AMEND**

These allegations against Defendant are made acknowledging that this lawsuit is still in investigation and discovery. As further investigation and discovery are conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional, and/or different allegations, including the potential of adding and/or dismissing parties to the case.  The right to do so, under Texas law, is expressly reserved.

Certified Document Number: 90502925 - Page 9 of 16

## IX.
## REQUEST FOR DISCLOSURES AND RULES 190.6(C), 203.3(C) & 193.7

Under the authority of Texas Rule of Civil Procedure 194, Plaintiffs request each Defendant disclose, within fifty (50) days of the service of this petition and request, the information or material described in Rule 194.2(a) through 194.2(l).

Plaintiffs request each Defendant produce under Rule 190.6(c) all documents, electronic information, and tangible items that the Defendants may use to support its claims or defenses.

As required under Texas Rule of Civil Procedure 203.3(c), Plaintiff requests that the party who receives the original deposition transcript of witnesses produce such deposition transcripts in E-transcript format (.ptz) with the electronic signature of the court reporter included.

Pursuant to Rule 193.7, Plaintiff is serving notice on Defendant with the service of this Petition and Discovery that Defendant's production of document responsive to discovery requests authenticates the document for use against Defendant unless Defendant, within 10 days of the document's production, objects to the authentication and states specifically the basis of the objection.

## X.
## REQUEST FOR PRODUCTION

Plaintiff propound **Requests for Production** pursuant to Rule 196 of the Texas Rules of Civil Procedure, that Defendants produce or permit the undersigned attorney, to inspect and copy or reproduce the items hereinafter requested. Within 50 days after service of these Requests for Production, Defendant must serve a written response to the undersigned attorney office at 642 Heights Blvd., Houston, Texas 77007, including the items requested or stating with respect to each request that an inspection and copying or reproduction will be permitted as requested. In the event a request is objected to, please specifically state (a) the legal or factual basis for the objection, and

(b) the extent to which each Defendant refuse to comply with the request. Pursuant to Rule 193.2(b) of the Texas Rules of Civil Procedure, Defendant must comply with as much of the request to which the party has made no objection unless it is unreasonable under the circumstances to do so before obtaining a ruling on the objection. Furthermore, demand is made for the supplementation of Defendant's answer to these discovery requests as required by Rule 193.5 of the Texas Rules of Civil Procedure.  Accordingly, Defendant is required to produce the following:

1) All contracts and agreements, amendments, or modifications, between Defendant and Plaintiff from November 5, 2018 to present. whether they are in effect or have been terminated.

2) All documents representing any sales made to any party within the Sales Regions of Texas, Kansas, Illinois, Oklahoma, and Arkansas from November 5, 2018 to present.

3) Any and all communications with Plaintiff or its representatives, agents, or employees.

4) All documents representing purchase orders brought by Plaintiff to Defendant.

5) All documents representing purchase orders with any person or entity within the Sales Regions of Texas, Kansas, Illinois, Oklahoma, and Arkansas, not brought by Plaintiff to Defendant rom November 5, 2018 to present.

6) All documents representing invoices with any person or entity within the Sales Regions of Texas, Kansas, Illinois, Oklahoma, and Arkansas, not brought by Plaintiff to Defendant from November 5, 2018 to present.

7) All documents representing payment for Defendant's goods with any party within the Sales Regions of Texas, Kansas, Illinois, Oklahoma, and Arkansas, not brought by Plaintiff to Defendant from November 5, 2018 to present.

8) All documents representing sales made by Defendant, through its agents, employees, or representatives, within the Sales Regions of Texas, Kansas, Illinois, Oklahoma, and Arkansas, not brought by Plaintiff to Defendant from November 5, 2018 to present.

Certified Document Number: 90502925 - Page 11 of 16

9) All documents representing any contractual obligations with any person or entity other than Basic regarding merchandising, brokerage, or the sale of Defendant's products within the Sales Regions of Texas, Kansas, Illinois, Oklahoma, and Arkansas from November 5, 2018 to present.

10) All documents representing any commissions paid to any person or entity other than Basic for merchandising, brokerage, or the sale of Defendant's products within the Sales Regions of Texas, Kansas, Illinois, Oklahoma, and Arkansas from November 5, 2018 to present.

11) All documents representing any freight expenses paid to any person or entity within the Sales Regions of Texas, Kansas, Illinois, Oklahoma, and Arkansas from November 5, 2018 to present.

12) All documents representing any of Defendants products being available, sold, sent, or distributed to any party within the Sales Regions of Texas, Kansas, Illinois, Oklahoma, and Arkansas from November 5, 2018 to present.

13) All monthly statements, pursuant to the agreement, reporting sales for the sales within the Sales Regions of Texas, Kansas, Illinois, Oklahoma, and Arkansas from November 5, 2018 to present.

14) All monthly statements, pursuant to the agreement, reporting sales within the Sales Regions of Texas, Kansas, Illinois, Oklahoma, and Arkansas that were provided to Basic from November 5, 2018 to present.

15) All correspondence reflecting the delivery of monthly statements, pursuant to the agreement, reporting sales to Basic from November 5, 2018 to present.

16) All documents used to calculate commissions owed and due to Basic

17) All documents evidencing payment of commissions to Basic.

18) Any and all communication or communications that evidence Defendant informing Plaintiff that they were in breach of the agreement.

19) Any and all communication or communications referencing the monthly statements.

20) Any and all communication or communications referencing the commissions owed to Basic.

21) Any and all communication or communications referencing the Termination Agreement.

22) Any and all documents evidencing or referencing the payment sent to Basic on January 7, 2020.

23) Any and all documents evidencing or referencing the payment sent to Basic on April 1, 2020.

24) For any affirmative defenses you may assert, provide all documents to support your affirmative defense

## XI.
### INTERROGATORIES

Take notice that pursuant to Rules 192 and 197 of the Texas Rules of Civil Procedure, Plaintiff propound the *First Set of Interrogatories* to each Defendant. You are hereby instructed to answer the following interrogatories separately, fully, in writing, and under oath, as required by Rule 197.2(d) of the Texas Rules of Civil Procedure, and the provisions of Rule 14 shall not apply.

You are further advised that, pursuant to Rule 193.5, each Defendant who is responding to these Interrogatories is under a duty to supplement his/her answer if each Defendant obtains information upon the basis of which (a) each Defendant knows that the answer was incorrect when made, or (b) each Defendant knows the answer, though correct when made, is no longer true and the circumstances are such that each Defendant's failure to amend the answer is in substance a knowing concealment.

If any space left for your answer is insufficient, please attach a separate sheet to complete such answer. The answers shall be served upon the undersigned counsel within 50 days after the service of these interrogatories.  Accordingly, answer the following:

1)   State the full name of the person answering these interrogatories and identify and person who aided or contributed to the answering of these interrogatories.

2)   Identify an and all individuals which gathered, prepared, and/or compiled the documents produced in accordance with the requests for production.

Certified Document Number: 90502925 - Page 13 of 16

3)      Identify any and all parties with who Defendant has supplied with Defendant's products within the Sales Regions of Texas, Kansas, Illinois, Oklahoma, and Arkansas.

4)      If you contend you do not owe Plaintiff commissions on any sales made or purchase order fulfilled, please state the factual or legal basis for such claim. If there are different reasons for different commissions, please state which claims correspond to which commissions.

5)      If you contend the Agreement was not a valid agreement, please state the factual or legal basis for such claim.

6)      Identify all sales or service representatives for the Sales Regions of Texas, Kansas, Illinois, Oklahoma, and Arkansas from January 1, 2018 to November 4, 2018.

7)      Identify all sales or service representatives other than Basic for the Sales Regions of Texas, Kansas, Illinois, Oklahoma, and Arkansas from November 5, 2018 to present.

8)      Identify all persons whose responsibilities or duties was to create the monthly statements requires in section 2.2 of the Agreement.

## XII.
### REQUEST FOR ADMISSIONS

Plaintiffs propound Requests for Admission. Each Defendant hereby is requested to admit the truth of the following matters for the purpose of this action only and subject to all proper objections to admissibility which may be made at time of trial.  Each of the matters to which an admission is requested shall be deemed admitted unless each Defendant delivers responses, either denying specifically the matters to which an admission is requested or setting forth in detail the reasons why such cannot truthfully be either admitted or denied, to the undersigned counsel for Plaintiffs within fifty (50) days after the delivery of this request.

Pursuant to Rule 215.4(b) of the Texas Rules of Civil Procedure, take notice that should each Defendant fail to admit the authenticity of any document or the truth of any matter as requested under Rule 198 and which follows hereunder and Plaintiffs proves the authenticity of the document or the truth of the matter, Plaintiffs shall seek an order from the Court requiring each Defendant to pay reasonable expenses incurred in making that proof, including but not limited to,

reasonable expenses and attorney's fees incurred in making that proof.  Accordingly, admit or deny

the following request for admission:

**REQUEST NO. 1:**  Admit or deny that Basic and Rio Grande had a valid Agreement between them known as the Broker and Merchandising Services Agreement.
ANSWER:

**REQUEST NO. 2:**  Admit or deny that as part of the Agreement, Basic was Rio Grande's exclusive broker within the Sales Regions of Texas, Kansas, Illinois, Oklahoma, and Arkansas for the term of the Agreement.
ANSWER:

**REQUEST NO. 3:**  Admit or deny that as part of the Agreement and amendments, Rio Grande was to pay Basic a commission on any brokerage sales by either Basic or any other party within the Sales Regions of Texas, Kansas, Illinois, Oklahoma, and Arkansas for the term of the Agreement.
ANSWER:

**REQUEST NO. 4:**  Admit or deny that as part of the Agreement and amendments, Rio Grande was to pay Basic a commission on any merchandising services by either Basic Solutions or any other party within the Sales Regions of Texas, Kansas, Illinois, Oklahoma, and Arkansas for the term of the Agreement.
ANSWER:

**REQUEST NO. 5:**  Admit or deny that as part of the Agreement and amendments, Rio Grande paid Basic a commission on any brokerage sales by either Basic Solutions or any other party within the Sales Regions of Texas, Kansas, Illinois, Oklahoma, and Arkansas for the term of the Agreement.
ANSWER:

**REQUEST NO. 7:**  Admit or deny that as part of the Agreement and amendments, Rio Grande paid Basic a commission on any merchandising services by either Basic Solutions or any other party within the Sales Regions of Texas, Kansas, Illinois, Oklahoma, and Arkansas for the term of the Agreement.
ANSWER:

**REQUEST NO. 8:**  Admit or deny that as part of the Agreement and amendments, Rio Grande was to provide Basic a monthly statement listing on any merchandising services by either Basic Solutions or any other party within the Sales Regions of Texas, Kansas, Illinois, Oklahoma, and Arkansas for the term of the Agreement.
ANSWER:

**REQUEST NO. 9:**  Admit or deny that as part of the Agreement and amendments, Rio Grande was to provide Basic a monthly statement listing on any merchandising services by either Basic

Solutions or any other party within the Sales Regions of Texas, Kansas, Illinois, Oklahoma, and Arkansas for the term of the Agreement.
ANSWER:

## XIII.
## REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Basic Solutions LTD prays that

Defendant Rio Grande Food Products Inc. be cited to appear and answer herein and that after trial,

Plaintiff recover the all the damages sought above and for such other further relief allowed in law

and equity.

Respectfully submitted,

HECTOR G. LONGORIA,
**LONGORIA LAW FIRM**
Texas State Bar No. 00794185
Email: hector@longorialaw.com
642 Heights Blvd.
Houston, Texas 77007
Telephone:     (713) 929-3996
Facsimile:     (713) 351-0327
*Attorney for Plaintiff*
*Basic Solutions LTD*



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   June 4, 2020

Certified Document Number:        90502925 Total Pages:  16

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

5/8/2020 3:55:53 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 42856500
By: GILBERT, COURTNI N
Filed: 5/8/2020 3:55:53 PM

# CIVIL PROCESS REQUEST

| FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING |
|---|
| FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED |

**CASE NUMBER:** _____  **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types):  Citation

**FILE DATE OF MOTION:** _____  05 / _____ 08/ _____ 2020 _____
                                    Month/   Day/   Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. **NAME:**  Rio Grande Food Products Inc. D/B/A Rio Grande Foods Corp

   **ADDRESS:**  3009 Pasadena Freeway, Suite 160, Pasadena, TX 77503

   **AGENT,** (*if applicable*)  Registered Agent for Service of Process Jonathan Alvarado

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*):  Citation

**SERVICE BY** (*check one*)
- ☐ **ATTORNEY PICK-UP**            ☐ **CONSTABLE**
- ☑ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up:  Andrew Espinosa    Phone:  832-526-9822
- ☐ **MAIL**                        ☐ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
      Type of Publication:  ☐ **COURTHOUSE DOOR,  or**
                            ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☐ **OTHER,** *explain* _____

**********************************************************************************

****

2. **NAME:** _____

   **ADDRESS:** _____

   **AGENT,** (*if applicable*): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

**SERVICE BY** (*check one*)
- ☐ **ATTORNEY PICK-UP**            ☐ **CONSTABLE**
- ☐ **CIVIL PROCESS SERVER -**  Authorized Person to Pick-up: _____    Phone: _____
- ☐ **MAIL**                        ☐ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
      Type of Publication:  ☐ **COURTHOUSE DOOR,  or**
                            ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☐ **OTHER,** *explain* _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

**NAME:**  Hector Longoria                    **TEXAS BAR NO./ID NO.**  00794185

**MAILING ADDRESS:**  642 Heights Blvd Houston, TX 77007

**PHONE NUMBER:**  713 _____  929-3996 _____    **FAX NUMBER:**  713 _____  351-0327 _____
                        area code     phone number                       area code    fax number

**EMAIL ADDRESS:**  nancy@longorialaw.com

Certified Document Number: 90502926 - Page 1 of 2

CIVJ08 Revised 9/3/99

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION.  FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE.  SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
_____    AMENDED PETITION
_____    SUPPLEMENTAL PETITION

COUNTERCLAIM
_____    AMENDED COUNTERCLAIM
_____    SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____    AMENDED CROSS-ACTION
_____    SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____    AMENDED THIRD-PARTY PETITION
_____    SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____    AMENDED INTERVENTION
_____    SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____    AMENDED INTERPLEADER
_____    SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:
    ORDER TO: _____
                        (specify)
    MOTION TO: _____
                        (specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

Certified Document Number: 90502926 - Page 2 of 2

CIVC108 Revised 9/2/99



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   June 4, 2020


Certified Document Number:        90502926 Total Pages:  2


Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS


**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**